## WACHSER v. INTERBOROUGH RAPID TRANSIT CO.

### (Supreme Court, Appellate Term. November 22, 1910.)

CARRIERS (§§ 284, 337*)—INJURIES TO PASSENGER.

 Plaintiff was insulted by another passenger, who was intoxicated and seated opposite him; and plaintiff left his seat and appealed to the conductor, who laughed at him. He returned to his seat, and the drunken passenger kicked him. He again appealed to the conductor, and again returned to his seat, when he was assaulted and injured by the drunken passenger. *Held*, that the carrier was liable; it having been the conductor's duty to protect the passenger by compelling the intoxicated man to behave himself, or ejecting him, and the passenger not having been guilty of contributory negligence.

 [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1125; Dec. Dig. §§ 284, 337.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Wachser against the Interborough Rapid Transit Company. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Henry Lieb, for appellant.

James L. Quackenbush (Anthony J. Ernest, of counsel), for respondent.

PAGE, J. This action was brought by a passenger on the defendant's railroad to recover damages for breach of the contract of carriage. The plaintiff, having paid his fare, boarded defendant's train at Eighty-Fourth street, seating himself in one of the "cross seats" in the middle of the car. Seated opposite to him was a large, powerful man in an intoxicated condition. This man resented, apparently, plaintiff looking at him, and inquired what he was looking at, to which plaintiff making no reply, he applied to plaintiff grossly vile and insulting epithets in so loud a tone as to be heard and attract the attention of a passenger standing on the platform of the car. Plaintiff then appealed to the conductor, who was standing inside the car, near the door, and asked him to stop the drunken man; but the conductor only laughed at him. He returned to his seat, and the drunken man made more insulting remarks, and kicked him on the leg. He again appealed to the conductor to interfere and "stop it." The conductor paid no attention, but turned his head away. The plaintiff again returned to his seat, and was violently assaulted by the drunken man, knocked down, his chin cut, and eye blackened. The passenger first appealed to the conductor at about Sixty-Sixth street. The final assault was between Forty-Second and Thirty-Fourth streets. At the Thirty-Fourth street station the whistle of the train was blown to call a policeman, and the drunken man made his escape. During all of this time none of the employés of the defendant interfered in any way to protect the passenger or to maintain order in the car.

The defendant resting without calling any witnesses, the learned

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

justice gave judgment for the defendant, on the ground that it was "the duty of the passenger to use reasonable care and sense, and not to voluntarily place himself unnecessarily in a position of expected danger." The learned justice does not seem to have sufficiently considered, and the defendant seems to be ignorant of, the obligation that rests upon a common carrier of passengers to protect the passenger from annoyance or injury from drunken or violent passengers. The rule is clearly stated by Judge Allen:

"A railroad company has the power of refusing to receive as a passenger, or to expel, any one who is drunk, disorderly, or riotous, or who so demeans himself as to endanger the safety, or interfere with the reasonable comfort and convenience, of the other passengers, and may assert all necessary power and means to eject from the cars any one so imperiling the safety or annoying others; and this police power the conductor, or other servant of the company in charge of the car or train, is bound to exercise with all the means he can command whenever occasion requires. If this duty is neglected without good cause, and a passenger receives injury, which might have been reasonably anticipated or naturally expected, from one who is improperly received, or permitted to continue, as a passenger, the carrier is responsible." Putnam v. Broadway & Seventh Ave. R. R. Co., 55 N. Y. 108, 113, 14 Am. Rep. 190.

See, also, Koch v. Brooklyn Heights R. R. Co., 75 App. Div. 282, 78 N. Y. Supp. 99; McMahon v. Interboro, etc., 59 Misc. Rep. 242, 110 N. Y. Supp. 876.

When the plaintiff was annoyed by the drunken passenger, and the conductor's attention was called to it, it was his duty to protect the passenger from further annoyance, either by compelling the drunken man to desist and demean himself in an orderly manner, or to eject him. But the conductor only laughed. Again, when the passenger called his attention to the assault committed upon him, it was the duty of the conductor, being thus apprised that there was danger of personal injury to another passenger from the presence of the drunken man, to have immediately ejected him from the train, and for this failure on the part of the conductor to discharge his plain duty the company should be held responsible for any injury suffered by passengers from this drunken passenger. But, says the learned justice, the passenger voluntarily returned and placed himself in a position of expected danger. Was it a danger that reasonably might be apprehended? Then the duty was on the defendant to guard the passenger, and he had the right to expect that the conductor would protect him from it, and, if necessary, every employé of the defendant on that train should be summoned for his protection. I cannot assent to the doctrine that decent, law-abiding passengers are compelled to flee from the drunk and disorderly, or be deemed guilty of contributory negligence.

The only case cited by defendant's counsel in support of its contention (Magar v. Hammond, 171 N. Y. 383, 64 N. E. 150, 59 L. R. A. 315) was an action brought by a poacher to recover damages for injuries sustained, while he was trespassing, from a rifle fired by the watchman. It was shown that, in addition to the usual signs prohibiting trespassing, the poacher had notice that the watchman was armed and was accustomed to discharge the gun to frighten trespassers. The court held that the jury should have been instructed that,

if the plaintiff voluntarily exposed himself to a known danger, he cannot recover. This case cannot be extended to limit the liability of a common carrier, or no passenger could recover for injuries ordinarily incident to the dangers of travel on railroads.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.

